UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

**STACY MAYS,**

    **Plaintiff,**

v.                                                                  Case No.:

**H. LEE MOFFITT CANCER CENTER AND
RESEARCH INSTITUTE, INC. d/b/a
MOFFITT CANCER CENTER,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **STACY MAYS** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC. d/b/a MOFFITT CANCER CENTER** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, and for declaratory relief, in violation of rights secured by 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

1. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

2. Plaintiff is a resident of Tampa, Florida.

3. Defendant is authorized and doing business in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

4. Plaintiff has satisfied all conditions precedent.

5. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

7. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA.

8. Defendant continues to be an "employer" within the meaning of the FMLA.

9. At all times material hereto, Plaintiff was a protected employee under the FMLA.

10. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of her employment.

11. At all times material hereto, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace.

## FACTS

12. Plaintiff worked for Defendant from on or about September 23, 2013 until her unlawful termination on or about March 20, 2020.

13. Plaintiff missed work due to care for her Mother's serious medical condition.

14. Plaintiff notified Defendant of her Mother's serious medical condition requiring leave.

15. Plaintiff provided proper documentation.

16. Defendant initially granted Plaintiff's leave.

17. Defendant approved Plaintiff's leave according her Mother's doctor's recommendation of one (1) episode per month.

18. Plaintiff then again applied to extend leave and it was denied.

19. Immediately thereafter, she reapplied and it was granted.

20. On March 18, 2020, Plaintiff was approved for protected leave on March 18, 2020 to tend to her Mother's serious health condition for up to eight (8) episodes per month.

21. A week prior, Plaintiff notified her supervisor that her Mother was scheduled for surgery.

22. Two days later, on March 20, 2020, Plaintiff was terminated.

23. Defendant's reason provided is pretext.

24. Plaintiff complained about the disparate treatment and retaliation she received as a result of her protected leave.

25. Defendant ignored her complaints and failed to take any remedial action.

26. Defendant terminated Plaintiff for engaging her protected activity under the FMLA.

27. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Plaintiff was eligible for FMLA.

30. Defendant is a covered employer as defined by the FMLA.

31. Plaintiff took leave to care for her Mother's serious health condition under the FMLA.

32. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of her employment and terminating Plaintiff's employment.

33. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II - FMLA RETALIATION

35. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 27 of this Complaint as though fully set forth herein.

36. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

37. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(h) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(i) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(j) Award back pay to Plaintiff plus interest and all benefits;

(k) Award liquidated damages to Plaintiff;

(l) Award reasonable attorney's fees and costs to Plaintiff; and

(m) Additional relief to which Plaintiff is entitled, including equitable relief.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 19th day of March, 2022.

                                                         Respectfully submitted,

                                                         /s/ *Chad A. Justice*
                                                         **CHAD A. JUSTICE**
                                                         Florida Bar Number: 121559
                                                         **JUSTICE FOR JUSTICE LLC**
                                                         1205 N Franklin St
                                                         Suite 326
                                                         Tampa, Florida 33602
                                                         Direct No. 813-566-0550
                                                         Facsimile: 813-566-0770
                                                         E-mail: chad@getjusticeforjustice.com
                                                         **Attorney for Plaintiff**